Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kandi Cook-Toole,<br><br>    Plaintiff,<br>v.<br><br>Stater Bros. Markets,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Kandi Cook-Toole ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Stater Bros. Markets ("Stater Bros.") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Starter Bros. Market located at 71727 Twentynine Palms Highway, Twentynine Palms, California. ("Market").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.
2. Stater Bros. is a California corporation with its principal address in San Bernardino, California. At all times relevant to this complaint, Stater Bros. owned,

managed, operated, and/or was otherwise responsible for the Market.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Market is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from diabetes, high blood pressure, and long-COVID that has affected Plaintiff's heart and kidneys.

8. Plaintiff utilizes a service dog to help address the effects of Plaintiff's disabilities. Plaintiff's service dog is specifically trained to alert Plaintiff to changes in her blood sugar that could severely impact Plaintiff's health. Plaintiff's service dog is also specifically trained to identify if Plaintiff is in distress and summon assistance if necessary.

9. On June 21, 2023, Plaintiff personally visited the State Bros Market located at 71727 Twentynine Palms Highway in Twentynine Palms, California.

10. Plaintiff visited Defendant's market with her service dog and a friend to purchase groceries. Notably, it was around 100 degrees on this particular day.

11. After entering the market and beginning to shop, one of Defendant's employees approached Plaintiff and blocked her cart path.

12. The employee asked Plaintiff if her dog was a service dog, to which Plaintiff responded in the affirmative.

13. Defendant's employee then took things too far, and specifically asked Plaintiff to tell him her disability.

14. Plaintiff bravely stood up for herself and calmly informed the employee that she was not required to disclose her specific disability or medical condition in order to shop at Defendant's market.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendant does not ask other customers to identify their medical issues as a condition for shopping at Defendant's market.

16. Ultimately, after further discussion, Defendant's employee informed that Plaintiff and her service dog were not welcome inside of the store.

17. More alarming, Defendant's employee informed Plaintiff that Defendant has a "zero tolerance policy" for "people like you" which Plaintiff interpreted to mean customers with disabilities.

18. During their exchange, Defendant's employee also informed Plaintiff that her service dog could not walk on the floor or ride in a shopping cart, and that Plaintiff would have to carry her service dog for the remainder of her time in the market.

19. Defendant's employee then escorted Plaintiff to a cash register to check out, even though Plaintiff was not done with her shopping.

20. Finally, Defendant's employee humiliated Plaintiff by telling her that if she tried to bring her service dog to the store again, she would not be allowed inside for any reason.

21. Plaintiff lives in a very remote part of the California desert. Plaintiff desperately needs to return to Defendant's market as it is one of the few grocery stores available to Plaintiff.

22. The whole ordeal caused difficulty and distressed for Plaintiff. Beyond Defendant's denial of full and access to its Market, Defendant embarrassed and humiliated by removing her from the market.

//

# FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

25. The Market is a public accommodation.

26. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

27. Stater Bros. has a policy that restricts and denies access to persons like Plaintiff.

28. Stater Bros.'s conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

29. As a result of Stater Bros.'s conduct, denying Plaintiff equal access to the Market, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Market.

30. It is readily achievable for Stater Bros. to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Market.

31. Stater Bros. does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

32. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis

of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Market, in light of Stater Bros.'s conduct.

33. Stater Bros.'s acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

34. Plaintiff seeks injunctive relief as to Stater Bros.'s inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

### SECOND CAUSE OF ACTION
Violations of the Unruh Civil Rights Act
California Civil Code §§ 51-53

35. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

36. Stater Bros. intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Market.

37. Market is a business establishment.

38. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

39. Stater Bros.'s acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

40. Plaintiff was harmed.

41. Stater Bros.'s conduct was a substantial factor in causing Plaintiff's harm.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

42. Stater Bros.'s conduct violated the ADA.

43. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Stater Bros. from engaging in unlawful discrimination against disabled persons with service animals when visiting the Market, including, specifically, enjoining its policy of denying access to persons with service animals access to the Market without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Stater Bros. to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and limiting inquiries made to disabled persons, and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: July 25, 2023

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff